IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01479-ZLW

MICHAEL J. HUNTER,

    Plaintiff,

v.

CHRISTINE RICHARD,
ELIZABETH KERRIGAN-BRAVO,
MR. ULLO,
MISTER WATERS,
MISS FINELLE,
LARRY STUART, and
ANN SHERIDAN,

    Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 7 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
AND FOR PRELIMINARY INJUNCTION

    Plaintiff Michael J. Hunter is incarcerated at the El Paso County Criminal Justice Center Detention Facility in Colorado Springs, Colorado. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). He also filed two letters on August 16, 2006, and on September 15, 2006, asking for a temporary protection order.

    The Court must construe the letters liberally because Mr. Hunter is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Therefore, the Court will construe the letters as a motion for a temporary restraining order and a preliminary injunction. For

Dockets.Justia.com

the reasons stated below, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied.

Mr. Hunter speculates that he may be in danger, physically and mentally. He complains that Defendants refused to be served by him while he was at a parole revocation hearing, and that he is on a parole hold without bond. He also complains that he is not getting help for his post-traumatic stress disorder and for his bipolar disease. On the basis of these allegations, he apparently believes he needs the Court's protection.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Hunter fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b). Therefore, the liberally construed motion for a temporary restraining order and a preliminary injunction will be denied. Accordingly, it is

ORDERED that the two letters submitted by Plaintiff Michael J. Hunter and filed with the Court on August 16, 2006, and on September 15, 2006, seeking a temporary protection order are construed liberally as a motion for a temporary restraining order and a preliminary injunction. It is

FURTHER ORDERED that the liberally construed motion for a temporary restraining order and a preliminary injunction is denied.

DATED at Denver, Colorado, this 26 day of Sept., 2006.

BY THE COURT:

*Zita Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01479-BNB

Michael J. Hunter
CJC - Ward 2-C-1
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/27/06

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk